**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4891**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHN CHARLES MYERS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, Chief District Judge. (5:12-cr-00017-JPB-JES-1)

_____

Submitted: July 31, 2014          Decided: August 4, 2014

_____

Before WILKINSON, KING, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Donald J. Tennant, Jr., TENNANT LAW OFFICES, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Charles Myers was convicted after a jury trial of possession of a firearm while subject to a domestic violence protection order, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(2) (2012), and was sentenced to eighteen months' imprisonment. On appeal, Myers challenges his conviction, arguing that the district court erred in granting the Government's motions in limine and in instructing the jury. Myers also seeks to challenge the validity of the underlying state-court order ("the final order") entering and extending the duration of the terms of the previously-entered state-court domestic violence protection order. We affirm.

Myers claims first that the district court erred in granting the Government's motion in limine and ruling that the domestic violence protection order complied with 18 U.S.C. § 922(g)(8)(C)(ii). Myers, however, fails to support this claim in accordance with Fed. R. App. P. 28(a)(8)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We therefore deem this claim abandoned. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Next, we reject as without merit Myers' contention that the district court erred in instructing the jury on the second and third elements of the § 922(g)(8) offense because Myers invited the error of which he now complains by opposing amendment of the proposed instructions at the charging conference. United States v. Lespier, 725 F.3d 437, 445-46, 449-51 (4th Cir. 2013) (invited error doctrine applies where defendant opposed the provision of a lesser-included offense instruction and then argued on appeal that it was error for the instruction not to have been given), cert. denied, 134 S. Ct. 974 (2014); United States v. Hickman, 626 F.3d 756, 772 (4th Cir. 2010) (declining, under invited error doctrine, to review defendant's claim that the jury misused a book containing transcripts of recorded telephone calls where defendant confirmed to the district court that he did not object to the jury having access to the book and further agreed to the method by which the jury would gain access to the book). Further, Myers does not establish the presence of extraordinary circumstances that would warrant of our review of an error invited by an appellant. Hickman, 626 F.3d at 772.

We further conclude that Myers fails to establish that the district court abused its discretion in granting the Government's motion in limine on the issue of whether he had notice of the relevant state-court hearing. See United States

3

v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012) (stating standard of review).

Section 922(g)(8) prohibits the possession of a firearm by a person who is subject to a court order that "was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate." 18 U.S.C. § 922(g)(8)(A).* For purposes of § 922(g)(8), notice "necessarily means that the hearing must have been set for a particular time and place and the defendant must have received notice of that and thereafter the hearing must have been held at that time and place." United States v. Spruill, 292 F.3d 207, 220 (5th Cir. 2002). The statute, however, does not require advance notice or notice of the content of the hearing. United States v. Young, 458 F.3d 998, 1006 (9th Cir. 2006) ("The statute does not require notice of the fact that a restraining order would issue, nor does it require any other form of 'advance' notice. Indeed, Congress chose to modify 'notice' with 'actual' rather than 'advance,' implying that it did not intend to require 'advance' notice."); see also United States v. Lippman, 369 F.3d 1039, 1042 (8th Cir. 2004) ("A [§ 922(g)(8)-compliant] hearing requires actual notice

---

* Myers makes no claim on appeal that he was not afforded the "opportunity to participate" at the hearing.

4

and an opportunity to be heard, but the statute does not require that evidence actually have been offered or witnesses called.").

Relying on these definitions of notice, we conclude that Myers had adequate notice of the state-court hearing. The record in this case makes clear that the state court issued an order scheduling the hearing, and Myers appeared at the hearing with his counsel. The fact that Myers appeared at the hearing necessarily means that he had actual notice of it. We further reject Myers' assertion in support of this claim that the Government was required to prove he was served with or received a copy of the final order prior to his possession of a firearm. See United States v. Napier, 233 F.3d 394, 398-99 (6th Cir. 2000).

Finally, we reject as without merit Myers' effort to challenge the constitutionality of the final order on the basis that its one-hundred-year prohibition on his possession of firearms violates his right under the Second Amendment to bear arms. As the Government correctly argues, the validity of the final order is not relevant to the determination of whether Myers violated § 922(g)(8). "[N]othing in the language of 18 U.S.C. § 922(g)(8) indicates that it applies only to persons subject to a valid, as opposed to an invalid, protective order." United States v. Hicks, 389 F.3d 514, 535 (5th Cir. 2004). Other courts have reached this same conclusion, and we agree

5

with "the overwhelming weight of federal case law preclud[ing] a defendant in a § 922(g)(8) prosecution from mounting a collateral attack on the merits of the underlying state protective order." United States v. Reese, 627 F.3d 792, 804–05 (10th Cir. 2010).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED